JOHN B. MILNER, *Respondent*, v. EDWARD
        FRIEL, *Appellant*.

INSUFFICIENT VERIFICATION CAN BE AMENDED.—When a Defendant makes an
    insufficient verification to an answer, through a mistaken idea that if he
    swore to its contents *positively*, it would make him liable to a criminal prose-
    cution, *held*, upon motion to strike such answer from the files that the Court
    should have permitted the Defendant to amend his verification. (Heintzel-
    man v. L'Amoroux, 3 Nev. 377; Latimer v. Ryan, 20, Cal. 628; Arringtoa v.
    Tupper, 10 Cal. 464; McCullough v. Clark, 41 Cal. 298.

APPEAL from the First District Court.

The facts appear in the Opinion.

*Dana & Strickland*, for Appellants.

*E. D. Hoge*, for Respondent.

BOREMAN, J., delivered the opinion of the Court.

To the duly verified complaint in this action, an
answer with a defective verification was filed, the de-
fendant (Friel) swearing that the answer " is true as he
verily believes, instead of " is true of his own knowledge."
The Plaintiff moved the Court to strike the answer
from the files on account of this defective verification.
The Court sustained the motion, and thereupon the
Defendant immediately asked leave to file an answer,
same as the first answer, but with the verification
amended to conform to the Code. The Defendant
seemed fearful that to swear positively to the answer
would lay him liable to a criminal prosecution for a
felony, and he brought this matter to the attention of
the Court below upon the hearing of the motion. The
Defendant did not, therefore, appear to be acting cap-
tuously, but to have had a sincere objection to correcting
the verification. Yet when the Court decided against
him, decided that his objection was not valid, he pro-
posed to forego his fears and make the proper verification
upon the instant. The cause would not therefore have
been delayed by the amendment. Nor would it have
worked any injustice to the Plaintiff. The answer

appears to have merits in it, and no objection was made to it in the Court below, upon the ground that it did not set forth a meritorious defense.

Upon the whole case then we consider that it was extending the discretion of the Court too far to refuse the Defendant leave to file his answer with the amended verification. The judgment of the Court below is therefore reversed, and the cause remanded, to be proceeded with in the lower Court, in accordance with this Opinion.

Emerson, J. Being satisfied that I committed an error in the Court below, I cheerfully concur in reversing the judgment.